BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-MC-00035-KJM-AC |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $30,000.00 SEIZED FROM WELLS FARGO BANK SAVINGS ACCOUNT NUMBER 6760837085, HELD IN THE NAME OF JUAN VALDES, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     On November 6, 2012, the Internal Revenue Service ("IRS") executed a Federal seizure warrant at Wells Fargo Bank located at 400 Capitol Mall, Sacramento, California.  The agents seized Approximately $30,000.00 from Wells Fargo Bank savings account number 6760837085 (hereafter "defendant funds"), held in the name of Juan Valdes.  The IRS then commenced administrative forfeiture proceedings, sending written notice to all known potential claimants and publishing legal notice to all others.  On January 3, 2013, the IRS received a claim from Juan Valdes asserting an ownership interest in the defendant funds.  The IRS received no other claims.

2.     The United States represents that it could show at a forfeiture trial that

between August 1, 2012 and August 13, 2012, in the Eastern District of California, structured transactions were made by breaking up currency deposits at or below $10,000.00 to evade the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3). In particular, and as specified in greater detail in the affidavit in support of seizure warrant 2:12-SW-00719-GGH, between August 1, 2012 and August 13, 2012 at least $30,000.00 in currency was structured into Wells Fargo Bank savings account number 6760837085, held in the name of Juan Valdes.

3. The United States represents that it could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 31 U.S.C. § 5317(c)(2) (incorporating the procedures governing civil forfeitures in money laundering cases pursuant to 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 984).

4. Without admitting the truth of the factual representations contained above, Juan Valdes specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Juan Valdes agrees it is possible that the United States could prove that an adequate factual basis exists to support forfeiture of the defendant funds. Juan Valdes acknowledges that he is the sole owner of the defendant funds, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Juan Valdes shall hold harmless and indemnify the United States, as set forth below.

5. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

6. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

7. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby

2
Consent Judgment of Forfeiture

ORDERED AND ADJUDGED:

8. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

9. Upon entry of this Consent Judgment of Forfeiture, $22,500.00 of the $30,000.00 seized from Wells Fargo Bank savings account number 6760837085, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 31 U.S.C. § 5317(c)(2), 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 984, to be disposed of according to law.

10. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $7,500.00 of the $30,000.00 seized from Wells Fargo Bank savings account number 6760837085 shall be returned to potential claimant Juan Valdes through attorney Mark A. Pruner.

11. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

12. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant funds and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

13. No portion of the stipulated settlement, including statements and/or admissions made therein, shall be admissible in any criminal action pursuant to Rules

///

///

///

408 and 410(a)(4) of the Federal Rules of Evidence, without any of the enumerated exceptions.

14. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED: July 10, 2013

_____
UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

DATED: July 10, 2013

_____
UNITED STATES DISTRICT JUDGE

4

Consent Judgment of Forfeiture